UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| WILLIE DWIGHT KELLER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 4:18-cv-15 |
| | : | |
| ENHANCED RECOVERY COMPANY, LLC, | : | |
| Defendant. | : | |

# COMPLAINT

## I. INTRODUCTION

1. This is a case about a man whose request to be left alone has been ignored and who has been subjected to unfair tactics by a collection company.

2. This is a civil action seeking actual damages, statutory damages, attorneys' fees, and costs, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA") and negligence.

3. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

4. The FDCPA applies to the collection of debt(s) incurred by a consumer primarily for personal, family, or household purposes.

5. Defendant is ENHANCED RECOVERY COMPANY, LLC (hereinafter "ERC").

## II. JURISDICTION

6. This action is to enforce liability created by the FDCPA.

7. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

8. This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

9. Jurisdiction of this court arises under 28 U.S.C. § 1337.

10. Jurisdiction of this court arises under 28 U.S.C. § 1367.

11. Declaratory relief is available in this Court pursuant to 28 U.S.C. §§ 2201-2202.

## III. VENUE

12. ERC regularly transacts business in this judicial district.

13. ERC is subject to the personal jurisdiction of this Court.

14. ERC resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

16. A substantial part of the events giving rise to this claim occurred in this judicial district.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff WILLIE DWIGHT KELLER ("Mr. Keller")

18. Mr. Keller is a natural person.

19. Mr. Keller is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692(a)(5).

20. Mr. Keller is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21. Mr. Keller allegedly incurred a debt with Sprint.

22. Mr. Keller allegedly incurred a debt with Time Warner Cable.

### Defendant ENHANCED RECOVERY COMPANY, LLC ("ERC")

23. ERC is a limited liability company organized and existing under the laws of the State of Florida.

24. ERC is registered with the Florida Secretary of State under Document Number: M10000003777.

25. ERC's principal place of business is located at 8014 Bayberry Road, Jacksonville, Florida 32256.

26. ERC's registered agent for service of process is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

27. At all times relevant to this action, ERC employees were agents acting on behalf of ERC.

28. ERC is a debt collection company that contacts consumers in an attempt to collect consumer debt.

29. ERC attempts to collect debt on behalf of Sprint and Time Warner.

30. ERC maintains a website at http://www.ercbpo.com/help/.

31. ERC is engaged in the business of collecting debt within multiple states.

32. ERC is engaged in the business of collecting debt within the State of Indiana.

33. ERC is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

34. ERC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

35. ERC is engaged in the collection of debts from consumers using the mail.

36. ERC is engaged in the collection of debts from consumers using the telephone.

37. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V. FACTUAL ALLEGATIONS

38. ERC attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

39. On or about March 31, 2015, Mr. Keller mailed a written letter (the "Letter") to ERC disputing an alleged debt to Sprint.

40. The Letter notified ERC that Mr. Keller disputed the alleged debt.

41. The Letter instructed ERC to cease communication with Mr. Keller.

42. ERC received the Letter dated March 31, 2015, in April of 2015.

43. On or about March 28, 2017, ERC sent a letter to Mr. Keller.

44. ERC's March 28, 2017 letter was an attempt to collect a debt.

45.

46. On or about February 10, 2017, ERC contacted Mr. Keller by mail in an attempt to collect an alleged debt to Time Warner.

47. On or about March 9, 2017, Mr. Keller disputed the alleged debt from ERC regarding Time Warner.

48. After receipt of the Letter, ERC continued to contact Mr. Keller.

49. After receipt of the Letter, ERC continued to contact Mr. Keller in an attempt to collect the aforementioned debt.

50. ERC does not have reasonable procedures in place that are reasonable adapted to avoid violation of the FDCPA.

51. At all relevant times in this action, ERC employees were acting as agents on behalf of ERC.

52. ERC uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

53. ERC, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

54. ERC attempted to collect a debt that Plaintiff did not owe.

55. ERC falsely represented the character, amount, or legal status of a debt.

56. ERC falsely represented the legal status of a debt.

57. ERC attempted to collect an alleged debt that was incurred for personal, family, or household use.

58. ERC attempted to collect a debt that was incurred for personal use.

59. ERC made one or more false representations to obtain information concerning Plaintiff.

60. ERC attempted to collect an amount of money from Plaintiff that is not permitted by law.

61. ERC's action concerning Mr. Keller have caused damages, including not by way of limitation: costs of sending one or more letters and Mr. Keller's time.

62. ERC's communications with Mr. Keller caused Mr. Keller anxiety and stress.

63. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Keller.

## VI. COUNT I – VIOLATION OF 15 U.S.C. 1692c

64. Mr. Keller incorporates herein by reference all of the foregoing paragraphs in full herein.

65. ERC knew Mr. Keller was represented by an attorney.

66. ERC violated the FDCPA by failing to cease communication with Mr. Keller.

## VII. COUNT III – VIOLATION OF 15 U.S.C. 1692e

67. Mr. Keller incorporates herein by reference all of the foregoing paragraphs in full herein.

68. ERC violated the FDCPA by using false representations in an attempt to collect a debt.

69. ERC violated the FDCPA by using deceptive means in an attempt to collect a debt.

70. ERC falsely represented the amount of debt Mr. Keller owed.

## VIII. COUNT V – NEGLIGENCE

71. Mr. Keller incorporates herein by reference all of the foregoing paragraphs in full herein.

72. ERC owed Mr. Keller a duty to act reasonably under the circumstances.

73. ERC owed Mr. Keller a duty to cease communication with Mr. Keller.

74. ERC breached its duty to Mr. Keller.

75. As a direct and proximate cause of ERC's breach, WILLIE DWIGHT KELLER sustained damages.

76. ERC's breach was the direct, proximate, and legal cause of Mr. Keller's damages.

77. The complained of conduct was willful.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff WILLIE DWIGHT KELLER respectfully requests that this Honorable Court enter judgment in favor of Plaintiff WILLIE DWIGHT KELLER and against Defendant ENHANCED RECOVERY COMPANY, LLC as follows:

A. Declaratory judgment that ENHANCED RECOVERY COMPANY, LLC violated the FDCPA;

B. Actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof at trial or judgment otherwise;

C. $1,000.00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D. Costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E. For all such other and further relief as the Court may deem just and proper.

## X. JURY DEMAND

Mr. Keller, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: Lafayette, Indiana<br>March 12, 2018 | s/ *Duran L. Keller*<br>Duran L. Keller, Esq. (#31743-79)<br>**KELLER LAW**<br>8 N. Third Street, Suite 403<br>Lafayette, Indiana 47901<br>Telephone: (765) 444-9202<br>Facsimile: (765) 807-3388<br>Email: duran@kellerlawllp.com<br>*Attorney for Plaintiff* |