UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIE DWIGHT KELLER, on behalf of himself and those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:18-cv-15 ) |
| ENHANCED RECOVERY COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Strike Answer and Affirmative Defenses [DE 28] filed by the plaintiff, Willie Dwight Keller, on July 8, 2018. For the following reasons, the motion is **GRANTED in part and DENIED in part.**

*Background*

The plaintiff, Willie Dwight Keller, initiated this matter against the defendant, Enhanced Recovery Company, LLC, on March 12, 2018. On April 28, 2018, before Enhanced Recovery had answered the complaint, Keller filed an amended complaint. Keller, on behalf of himself and those similarly situated, brought this civil class action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Additionally, Keller has asserted a negligence claim. Enhanced Recovery answered the amended complaint on June 18, 2018.

Keller filed this motion pursuant to Federal Rule of Civil Procedure 12(f) requesting the court to strike specific paragraphs and unnumbered affirmative defenses in Enhanced Recovery's answer. Keller asserts that the specified paragraphs fail to adequately respond to the allegations asserted in the amended complaint and contain impermissibly qualified responses. Moreover, he

asserts that Enhanced Recovery's answer contains affirmative defenses that are insufficient. Enhanced Recovery filed a response in opposition on July 23, 2018, and Keller filed a reply on July 29, 2018.

*Discussion*

**Federal Rule of Civil Procedure 12(f)** states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Fin., Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." ***Heller***, 883 F.3d at 1294.

**Federal Rule of Civil Procedure 8(b)** provides that, "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." The rule also provides, "[a] denial must fairly respond to the substance of the allegation." **Federal Rule of Civil Procedure 8(b)(2).** "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." **Federal Rule of Civil Procedure 8(b)(5).**

Keller has argued that Enhanced Recovery's answer contains responses that fail to adequately respond to the allegations in the amended complaint. Specifically, he has indicated that paragraphs 8, 42, 43, 44, 50, 53, and 55 of Enhanced Recovery's answer state, "[t]he

allegation that [synopsis of allegation] is a legal conclusion, and therefore, Defendant is not required to respond." Keller has argued that Enhanced Recovery is required to respond to each allegation, even if it calls for a legal conclusion. Thus, Keller contends that Enhanced Recovery has failed to adequately respond, and those responses should be stricken.

District courts within the Seventh Circuit consistently have found that responses that an allegation is a "legal conclusion" or that a document "speaks for itself" are insufficient and contrary to the Federal Rules of Civil Procedure. *N. Ind. Metals v. Iowa Express, Inc.*, 2008 WL 2756330, at *3–4 (N.D. Ind. July 10, 2008); *see, e.g.,* ***Donnelly v. Frank Shirey Cadillac, Inc.,*** 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005) ("Unacceptable devices now familiar in this district include: refusing to admit something that is alleged about a document on the grounds that the document 'speaks for itself[ ]' . . . and declining to respond to an allegation because it 'states a legal conclusion.'"); **State Farm Mut. Auto. Ins. Co. v. Riley,** 199 F.R.D. 276, 278 (N.D. Ill. 2001) (noting that declining to respond to an allegation because it states a legal conclusion violates Rule 8(b)'s express requirement that all allegations must be responded to).

Enhanced Recovery's responses in paragraphs 8, 42, 43, 44, 50, 53, and 55 do not meet Rule 8(b)'s requirements. The court grants the motion to strike as to paragraphs 8, 42, 43, 44, 50, 53, and 55.

Moreover, Keller asserts that paragraphs 10, 11, 12, 14, 15, 16, and 18 also contain impermissible qualified responses. Paragraphs 10, 11, 12, 14, 15, 16, and 18 state, "[t]he allegation that [synopsis of allegation] is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph [X] of the Amended Complaint." Keller has argued that due to Enhanced

3

Recovery's use of the language "to the extent" the court and the plaintiff are unable to determine what facts it is admitting or denying.

The phrase "to the extent that further response may be required, the allegations in this paragraph are denied" is akin to an impermissible qualified denial. *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2017 WL 1101096, at *2 (N.D. Ind. Mar. 21, 2017) (citing *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897 (N.D. Ill. 2006) (striking defendant's answer where defendant began with the phrase "to the extent that" and then denied the remaining allegations, finding it was an impermissible "qualified answer"); *Trs. Of Auto. Mechs. Local No. 71 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009) ("[The phrase] 'to the extent that' is a telltale tipoff that [the party] has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs.").

**Federal Rule of Civil Procedure 8(b)(1)(B)** requires that the responding party admit or deny the allegations. Despite, using the language "to the extent a response is required," Enhanced Recovery unequivocally has denied the allegations contained in paragraphs 10, 11, 12, 14, 15, 16, and 18. Therefore, Enhanced Recovery's answers easily are ascertainable. The court denies the motion to strike paragraphs 10, 11, 12, 14, 15, 16, and 18.

Motions to strike affirmative defenses generally are disfavored in this circuit because they are often employed for the sole purpose of causing delay. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Such motions will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1400 (7th Cir.1991) (internal citations omitted). Yet, it

is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case. *See* **Household Financial Services, Inc. v. Northeastern Mortgage Inv. Corp.,** 2000 WL 816795, at *1 (N.D. Ill. June 22, 2000) (citing **Heller,** 883 F.2d at 1295).

The Seventh Circuit has not yet decided whether the pleading standard for a complaint set forth in **Bell Atlantic v. Twombly,** 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and **Ashcroft v. Iqbal,** 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This court continues to agree with those cases declining to apply the "plausibility" standard of **Iqbal** and **Twombly** to affirmative defenses. *See* **Cottle v. Falcon Holdings Mgmt., LLC,** 2012 WL 266968 (N.D. Ind. Jan. 30, 2012) (J. Cherry) (providing extensive discussion of the issue and citing supporting cases). In determining whether to strike affirmative defenses, the court has looked to "whether the issue is appropriately stated as an affirmative defense, whether the affirmative defense complies with the pleading requirements of Federal Rule of Civil Procedure 8 [*i.e.*, meets **Heller**], and whether the affirmative defense is capable of surviving a Rule 12(b)(6) analysis." **Cincinnati Ins. Co. v. Kreager Bros. Excavating, Inc.,** 2013 WL 3147371, at *1 (N.D. Ind. 2013).

Keller has argued that Enhanced Recovery's reliance on exercising due diligence and good faith representations are not affirmative defenses. Keller contends that the affirmative defenses would not provide relief notwithstanding a proven FDCPA violation. The affirmative defense states,

> "Defendant states that it has exercised due diligence and relied in good faith on the representations of others, and is not aware of and had no way of becoming aware of any alleged wrongdoing or omissions."

Next, Keller requests the court to strike Enhanced Recovery's affirmative defense that it acted in furtherance of a legitimate business purpose. The affirmative defense states,

5

> "Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant."

Enhanced Recovery has argued that several of the allegations contained in Keller's amended complaint indicate conscious wrongdoing and/or negligence on its part. Thus, the affirmative defenses that it exercised due diligence, relied on representations or others, acted within its legal rights, and within a legitimate business purpose are appropriate and reasonable defenses. The court finds that the factual allegations in the amended complaint have put Keller on notice of the nature of the above two defenses.

Finally, Keller contends that Enhanced Recovery's statute of limitation defense is a bare assertion and conclusory. The statute of limitations affirmative defense states, "[s]ome or all of Plaintiffs' claims are barred by the applicable statute of limitations." Enhanced Recovery has not included a "short and plain statement of the claim showing that the pleader is entitled to relief" and, therefore, the court grants the motion to strike the statute of limitation defense. *See* **Federal Rule of Civil Procedure 8(a)**; *see **Do It Best Corp. v. Heinen Hardware, LLC,*** 2013 WL 3421924, at *4 (N.D. Ind. 2013) ("Their statute of limitation defense likewise fails to set out the specific applicable statute of limitations, the statute's time limits, or the manner in which the statute bars Plaintiff's case."); *see also, e.g., **Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.**,* 2009 WL 466802, at *7 (N.D. Ill. Feb. 23, 2009) (citing cases striking statute of limitations and laches defenses).

Based on the foregoing reasons, the Motion to Strike Answer and Affirmative Defenses [DE 28] is **GRANTED in part and DENIED in part.** The court strikes paragraphs 8, 42, 43,

44, 50, 53, and 55 of the answer to amended complaint and the statute of limitation defense. The court grants Enhanced Recovery leave to file an amended answer for the purpose of amending paragraphs 8, 42, 43, 44, 50, 53, and 55 and the statute of limitation defense, as required by Rule 8. The amended answer is to be filed by **November 7, 2018.**

ENTERED this 31st day of October, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge